**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JAMES A. SAVAGE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18−cv−1864−JPG |
| JOHN DOES #1-4 | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On October 9, 2018, Plaintiff, a person formerly in the custody of St. Clair County Jail, filed this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests declarative relief and compensatory damages.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough

1

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff got into a "heated" confrontation with the medical staff on August 18, 2018 at the St. Clair County Jail over their alleged HIPAA violations and because they changed an inmate's intestine bag in front of the entire cell block. (Doc. 1, p. 3). As a result of the confrontation, Plaintiff was removed from the cell block by the four John Doe defendants. *Id*. Doe 1 ordered Plaintiff to put his hands on the wall out of the view of the other inmates. *Id*. Doe 1 then slapped Plaintiff's bare back with an open fist and gripped his neck while the other John Does looked on. (Doc. 1, pp. 3-4). Doe 1 asked Plaintiff two questions and then asked him to go apologize to the medical staff but Plaintiff refused to respond to the questions or the request. (Doc. 1, p. 4).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated count:

**Count 1:** Doe 1 used excessive force against Plaintiff in violation of the Fourth, Eighth, and/or Fourteenth Amendments, and Does 2-4 condoned such conduct.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

The Complaint must be dismissed at this time because Plaintiff has failed to state a claim. It is not clear what Plaintiff's status was at the time of the relevant events, and whether he was an arrestee, pretrial detainee, or convicted prisoner will determine whether the Fourth, Eighth, or Fourteenth Amendment applies. *Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017); *Currie v. Chhabra*, 728 F.3d 626, 630 (7th Cir. 2013). However, even under the less-stringent objective reasonableness standard found in the Fourth and Fourteenth Amendments, Plaintiff's claim still fails.

Officers violate an arrestee's constitutional rights under the Fourth Amendment where they have been objectively unreasonable in their use of force. *Lopez v. City of Chicago*, 464 F.3d 711, 718 (7th Cir. 2006). Likewise, whether the force used against a pre-trial detainee is constitutional also turns on the objective reasonableness of the officer's actions. *Kingsley v. Henrickson*, 135 S.Ct. 2466, 2472-73 (U.S. 2015). Relevant factors include 1) the relationship between the need for the use of force and the force used; 2) the extent of the Plaintiff's injury; 3) efforts made to temper the amount of force; 4) the security concern at issue; 5) the officer's perception of the threat; and 6) whether plaintiff was actively resisting. *Id*. at 2473; *Williams v. Stache*, 709 F. App'x 830, 834 (7th Cir. 2017).

Here Plaintiff's allegations do not suggest that Defendants were objectively unreasonable.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff alleges that he was engaged in a heated confrontation when Defendants intervened. He has further alleged that he was failing to respond to questions and commands at the time. The Complaint therefore suggests that the officers may have perceived Plaintiff as a threat and/or that he was resisting at the time of the events.

More importantly, Plaintiff has not alleged that he was harmed by the relevant events. He has not alleged that he suffered pain, bruising, swelling, or any effects at all as a result of Doe 1 laying hands on him. Not only does the lack of injury make it implausible that the officers' response was objectively unreasonable, it also dooms the claim. Section 1983 is a tort statute, so plaintiff must have suffered a harm to have a cognizable claim. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir. 1997).

For all the above reasons, Plaintiff has failed to state a claim upon which relief may be granted.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint does not survive screening pursuant to 28 U.S.C. § 1915A and is therefore **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. This includes **COUNT 1**, which is **DISMISSED without prejudice** against all Defendants.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before January 3, 2019. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v.*

*Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the form designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action 18-cv-1864-JPG

Plaintiff is warned that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the amended complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/6/2018**

s/J. Phil Gilbert
**U.S. District Judge**