**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JAMES A. SAVAGE, #318262** | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-01864-JPG |
| **JOHN DOES #1-4,** | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On October 9, 2018, Plaintiff filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff sued Defendants for constitutional violations associated with the use of force at St. Clair County Jail. (Doc. 1). The Court found that Plaintiff failed to state a claim upon which relief can be granted because he did not make a plausible claim that the force was unreasonable per the situation and failed to allege that he suffered any harm as a result of the use of force. (Doc. 8). Accordingly, the Court dismissed the Complaint on December 6, 2018. (Doc. 8). The dismissal specifically directed Plaintiff to file an amended complaint no later than January 3, 2019 and directed him to keep the Court updated on his current address. (Doc. 8). The deadline has now passed. Plaintiff has not filed an amended complaint. He has also failed to request an extension of the deadline for doing so. Moreover, mail sent to Plaintiff at the address he provided has been returned to the Court and Plaintiff has failed to update the Court with a current, viable address.

As a result, this case is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted and for failure to comply with an order of this Court. FED. R. CIV. P. 41(b);

*see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 1/11/19**

s/ J. PHIL GILBERT
United States District Judge

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).